Allie C. NICHOLS et ux., Appellants,

v.

Joe B. NOVICH et ux., Appellees.

No. 12703.

Court of Civil Appeals of Texas.

San Antonio.

June 23, 1954.

Rehearing Denied Sept. 8, 1954.

Dibrell, Gardner, Dotson & Graham, San Antonio, for appellants.

L. J. Gittinger, Nelson, Stateson & Thompson, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment that plaintiffs, Allie C. Nichols and wife, take nothing of their suit against defendants, Joe B. Novich and wife, and that the defendants recover of and from plaintiffs the title and possession of Lot B, Tract 38, New City Block 8351, Bexar County, Texas. Defendants were also awarded a recovery of $2,136.23, as and for attorney's fees. The suit involved a contract between defendants as sellers and plaintiffs as buyers and the judgment is based upon special jury findings. Those relied upon to support the judgment are: That the appellants (plaintiffs below), "Allie C. Nichols and wife, during the time they used and occupied the property in question, did substantially injure or ill-treat that part of the property constituting the real property;" and that Nichols and wife, "after they had executed the written contract for the purchase of the property in controversy, did personally vacate said premises for a period of more than thirty days without the written consent of the defendants, Joe B. Novich and wife."

Appellants purchased the property from appellees upon a relatively small down payment of $2,000. The contract was dated October 30, 1950, and provided for the payment of an additional sum of $22,375 in monthly installments of $150 each, including the interest then due at the time of each installment. It was further agreed

that when the balance of the purchase price was reduced to $17,500 appellees would execute a warranty deed to appellants and receive a note and deed of trust to secure the remaining unpaid balance. The contract also contained the following clauses:

"2nd. * * * in the event that second party (the Nichols) breaches any of the provisions of the contract, (first party, the Noviches) shall have the right to declare this contract immediately null and void and in the event the first party elects to declare this entire contract null and void, then and in that event all the money that has been paid to the first party by the second party, on this contract, shall be forfeited, and belong to the first party as liquidated damages to compensate the first party for breach of this contract, and for rental and deterioration of the property; and immediately upon the contract being declared null and void all the rights, claim and interest of the second party, in and to said property, shall immediately terminate and be at an end, and the property shall unconditionally belong to the first party. In the event said installments are not paid promptly when due or declared due and the first party employs attorneys to assist in the collection thereof, then 10 per cent additional shall be added to the principal and interest remaining unpaid as attorney's fees. * * *

"4th. The said second party shall not injure or ill-treat the above described property nor permit any one to do so, and shall immediately, at the second party's cost, repair any damage which the improvements on the above described property may sustain from any cause, and in the event that the improvements on the above described property are injured by fire, the first party may, in that event declare all of the unmatured installments due and payable, and the insurance shall be applied on the unpaid installments.

"5th. The second party shall have the right to the possession of the above described property, provided, however, that if the second party shall breach any provisions or conditions of this contract, or shall fail to pay any installment above pro-

vided for, promptly when due, then or in any of said events, the right of possession here given to the second party shall immediately cease, and the second party shall thereupon become the tenant at will of the party of the first part, his assignees, or legal agents, and should such tenant refuse to surrender possession of said property upon demand, the party of the first part, his assignees, or legal agents shall thereupon be entitled to institute and maintain the statutory action for forcible entry and detainer and procure a writ of possession thereunder.

* * * * * *

"7th. It is agreed by the second party that should he or she vacate this property for more than 30 days without the written consent of the first party, then the second party shall forfeit all his rights under this contract and all money paid in shall likewise be forfeited as liquidated damages and belong to the first party."

We are of the opinion that the evidence supports the findings of the jury above mentioned. There was evidence which was evidently credited by the jury to the effect that the premises had been substantially injured. The answer to the issue as to the vacation of the premises appears to be supported by evidence which is practically undisputed. It seems clear from the seventh clause in the contract that Nichols and wife agreed that they would not personally vacate the premises for more than thirty days without the written consent of the Noviches. Even if the Nichols had placed tenants upon the property, this would not prevent a breach of the clause unless such action were consented to by the opposite contracting parties.

The breach of the provisions of the fourth and seventh clauses of the contract rendered the same subject to cancellation in accordance with the terms of the agreement. In view of the relatively small down payment, appellees were properly concerned with the treatment the property received, as well as the identity and character of the occupants of the premises. It was a proper subject of contract and, "It

is competent for the parties, when entering into a contract, to provide for re-possession of the property, or rescission of the sale upon a breach of the contract * * *." 43 Tex.Jur. 136, Vendor & Purchaser, § 84. "An agreement to cancel or rescind a contract at a future day if certain things are not done is, admittedly, within the legal rights of the parties, and will be enforced by the courts." Kuhl v. Roberson, Tex. Civ.App., 289 S.W. 433, 435.

Appellants make some contention that appellees have waived the right to declare a rescission by reason of the injury to and vacation of the premises. Waiver of the right of rescission based upon these grounds are not shown as a matter of law and proper requests for a jury submission of issues relating thereto are not brought to our attention. This, although it appears that issues of waiver were submitted as to certain asserted breaches of the contract, such as the failure to pay taxes when due.

It is likewise contended that appellees are estopped by their pleadings from relying upon a rescission. The contract, in addition to the alternative right of cancellation, provides that in case of default in the payments agreed upon or breach of other contractual provisions, the appellees might declare all installments due and payable. In the prayer of the trial petition, appellees first prayed for judgment on the entire amount of outstanding indebtedness, but then "tendered said premises and a warranty deed and title guaranty to the plaintiffs (appellants) upon tender by said Plaintiffs of said amount due on said contract * * * (but) should the Plaintiffs be unwilling or unable to tender the amount due under the contract together with interest and attorney's fees, then they respectfully pray the Court that said contract of sale be in all things cancelled * * *." We think appellees' position was made reasonably clear. Because of appellants' breaches of contract, they desired to have the contract cancelled, unless appellants were willing to pay off the entire amount due under the contract. The indebtedness was not paid and appellees were consequently in a position to demand rescission.

However, we agree with appellants' contention that the judgment insofar as it allows a recovery of attorney's fees is erroneous. The contractual provision is that, "In the event said (monthly) installments are not paid promptly when due or declared due and the first party employs attorneys to assist in the collection thereof, then 10 per cent additional shall be added to the principal and interest remaining unpaid as attorney's fees." The judgment rendered was one rescinding the contract. No judgment was rendered for the principal and interest of the indebtedness assumed by appellants under the contract. The circumstances which would give rise to liability for attorney's fees never came into existence.

The judgment appealed from will be reformed so as to eliminate therefrom the recovery of attorney's fees. As so reformed the judgment will be affirmed. Costs of appeal are adjudged against appellees.

Judgment reformed and, as reformed, affirmed.